State of Nebraska, appellee, v.
Matthew A. Fox, appellant.
___ N.W.2d ___

Filed November 22, 2013.    No. S-13-408.

1. **Effectiveness of Counsel.** A claim that defense counsel provided ineffective assistance presents a mixed question of law and fact.

2. **Effectiveness of Counsel: Appeal and Error.** With regard to the questions of counsel's performance or prejudice to the defendant as part of the two-pronged test articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), an appellate court reviews such legal determinations independently of the lower court's decision.

3. **Postconviction: Effectiveness of Counsel: Appeal and Error.** When lawyers employed by the same office represent a defendant both at trial and on direct appeal, the defendant's first opportunity to assert ineffective assistance of counsel is in a motion for postconviction relief.

4. **Postconviction: Effectiveness of Counsel: Proof: Appeal and Error.** In order to establish a right to postconviction relief based on a claim of ineffective assistance of counsel at trial or on direct appeal, the defendant has the burden, in accordance with *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), to show that counsel's performance was deficient; that is, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law in the area. Next, the defendant must show that counsel's deficient performance prejudiced the defense in his or her case. In order to show prejudice, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. The two prongs of this test, deficient performance and prejudice, may be addressed in either order.

5. **Postconviction: Constitutional Law: Proof.** An evidentiary hearing on a motion for postconviction relief is required on an appropriate motion containing factual allegations which, if proved, constitute an infringement of the movant's rights under the Nebraska or federal Constitution.

6. **Postconviction: Pleadings.** A defendant is required to make specific allegations instead of mere conclusions of fact or law in order to receive an evidentiary hearing for postconviction relief.

7. **Postconviction.** Postconviction relief without an evidentiary hearing is properly denied when the files and records affirmatively show that the prisoner is entitled to no relief.

8. **Jury Instructions: Appeal and Error.** All the jury instructions must be read together, and if, taken as a whole, they correctly state the law, are not misleading, and adequately cover the issues supported by the pleadings and the evidence, there is no prejudicial error necessitating reversal.

9. **Effectiveness of Counsel: Appeal and Error.** When analyzing a claim of ineffective assistance of appellate counsel, courts usually begin by determining whether appellate counsel failed to bring a claim on appeal that actually

prejudiced the defendant. That is, courts begin by assessing the strength of the claim appellate counsel purportedly failed to raise.

10. ____: ____. Counsel's failure to raise an issue on appeal could be ineffective assistance only if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal.

Appeal from the District Court for Lancaster County: Robert R. Otte, Judge. Affirmed.

Matthew A. Fox, pro se.

Jon Bruning, Attorney General, and George R. Love for appellee.

Heavican, C.J., Wright, Connolly, Stephan, Miller-Lerman, and Cassel, JJ.

Cassel, J.

## INTRODUCTION

Matthew A. Fox appeals the denial of his motion for post-conviction relief without an evidentiary hearing. He asserted three claims of ineffective assistance of counsel, two at the trial stage and one at the appellate stage. Because (1) the jury instructions, taken as a whole, correctly stated the elements of the crime, (2) Fox failed to identify an expert who would have opined differently on Fox's sanity, and (3) the arguments omitted by appellate counsel lacked any merit, Fox failed to make any factual allegations which, if proved, constitute an infringement of his rights under the Nebraska or federal Constitution.

## BACKGROUND

The facts as adduced at Fox's trial are contained in *State v. Fox*[1] and are not repeated herein, except as otherwise indicated. A jury convicted Fox of first degree murder and use of a weapon to commit a felony for the killing of Fox's mother. Fox was sentenced to life imprisonment on the murder conviction and to a consecutive sentence of 10 to 15 years' imprisonment on the weapon conviction. We affirmed Fox's

[1] *State v. Fox*, 282 Neb. 957, 806 N.W.2d 883 (2011).

convictions on direct appeal.[2] At trial and on direct appeal, Fox was represented by lawyers from the Nebraska Commission on Public Advocacy.

Fox's motion for postconviction relief asserted three claims of ineffective assistance of counsel. He alleged that (1) his trial counsel failed to object to erroneous jury instructions, (2) his trial counsel failed to obtain an additional expert opinion as to Fox's sanity at the time of the killing, and (3) his appellate counsel failed to raise the issues of insufficient evidence and erroneous jury instructions on appeal.

With respect to the jury instructions given at trial, Fox claimed that instructions Nos. 7 and 9 reduced the State's burden of proof in establishing first degree murder by relieving it of the requirement to prove deliberation and premeditation. Fox alleged that instructions Nos. 7 and 9 improperly permitted the jury to infer the existence of deliberation and premeditation.

Instruction No. 7 provided, in pertinent part, as follows:

As used in these instructions:

. . . .

2. "Intentionally" means willfully or purposely.

3. "Purposely" means not suddenly or rashly but doing an act after first considering the probable consequences.

4. "Premeditated" means forming the intent to act before acting. The time needed for premeditation may be so short as to be instantaneous provided the intent to act is formed before the act and not simultaneous with the act.

5. "Malice" means intentionally doing a wrongful act without just cause or excuse.

As relevant to this appeal, instruction No. 9 provided:

Intention and deliberation and premeditation and purpose are elements of Murder in the First Degree. . . . You may infer intention and deliberation and premeditation and purpose from the words and acts of . . . Fox and from the surrounding circumstances, so long as such inference proves beyond a reasonable doubt that . . . Fox

---

[2] See *id*.

had such intention and deliberation and premeditation and purpose.

Fox alleged that by first equating "[i]ntentionally" to "willfully or purposely" and then defining "[p]urposely" with a definition akin to "deliberate[ly]," the instructions permitted the jury to infer that the killing was deliberate if the jury found that it was intentional. Fox similarly alleged that instruction No. 9 improperly permitted the jury to infer the existence of deliberation and premeditation. Thus, according to Fox, he was prejudiced by his trial counsel's failure to object to instructions Nos. 7 and 9 because they reduced the State's burden of proof.

Fox's second claim asserted that his trial counsel failed to obtain an additional expert opinion as to Fox's sanity at the time of the killing. In his motion, Fox alleged that his trial counsel obtained a psychological examination finding that there was insufficient information to reach a conclusion as to Fox's sanity at the time of the killing. Fox asserted that reasonable counsel would have sought an additional examination with conclusive results. Thus, Fox alleged, his trial counsel's failure to obtain a conclusive expert opinion effectively conceded the issue of Fox's sanity.

As to Fox's appellate counsel, Fox alleged that he was prejudiced by his counsel's failure to raise the issues of insufficient evidence and erroneous jury instructions on appeal. Fox claimed that the State failed to present any evidence at trial that the killing was deliberate or premeditated. Further, Fox asserted that jury instructions Nos. 7 and 9 improperly reduced the State's burden of proof in establishing first degree murder. Fox alleged that his appellate counsel therefore caused him prejudice by failing to raise these issues on appeal.

As we noted at the outset of this opinion, the district court denied Fox's motion without an evidentiary hearing. We summarize the court's reasoning regarding each of Fox's claims.

The court first rejected Fox's argument that he was prejudiced by his trial counsel's failure to object to jury instructions Nos. 7 and 9. The court reasoned that the instructions as a whole properly instructed the jury to find each element of first

degree murder. Thus, because the jury instructions as a whole correctly instructed the jury, the court concluded that Fox could not show he was prejudiced by his counsel's failure to object to instructions Nos. 7 and 9.

The court also rejected Fox's argument that he was prejudiced by his trial counsel's failure to obtain an additional expert opinion as to Fox's sanity at the time of the killing. The court noted that Fox failed to make any showing that an additional expert would have reached a different conclusion than the experts that testified at trial. The court further observed that even if an expert had testified to Fox's insanity at the time of the killing, Fox failed to demonstrate that such testimony would have caused the jury to reach a different conclusion on the issue. The court therefore found that Fox failed to show any prejudice from his trial counsel's failure to obtain an additional expert opinion.

The court similarly rejected Fox's claim that he was prejudiced by ineffective assistance of counsel on appeal. With respect to the failure of Fox's appellate counsel to raise the issue of erroneous jury instructions, the court found that Fox could not show he was prejudiced on appeal because he made no showing that he was prejudiced by the instructions at trial. As to the failure of Fox's appellate counsel to raise the issue of insufficient evidence, the court found that sufficient evidence was introduced at trial from which the jury could properly have found all of the elements of first degree murder. Thus, Fox failed to show that the result would have been different had the issue been raised on appeal.

Because Fox failed to establish prejudice arising from his claims of ineffective assistance of counsel, the district court concluded that Fox failed to make any factual allegations demonstrating a denial or infringement of his due process rights. Accordingly, the court denied Fox's motion.

Fox filed a timely notice of appeal.

## ASSIGNMENTS OF ERROR

Fox assigns that the district court erred in denying his motion for postconviction relief without an evidentiary hearing. Fox further assigns that the court erred in finding that he

failed to show any prejudice arising from his claims of ineffective assistance of counsel.

## STANDARD OF REVIEW

[1,2] A claim that defense counsel provided ineffective assistance presents a mixed question of law and fact.[3] With regard to the questions of counsel's performance or prejudice to the defendant as part of the two-pronged test articulated in *Strickland v. Washington*,[4] an appellate court reviews such legal determinations independently of the lower court's decision.[5]

## ANALYSIS

### First Opportunity

[3] At the outset, we note that this is Fox's first opportunity to assert that he received ineffective assistance of counsel in the disposition of his case. When lawyers employed by the same office represent a defendant both at trial and on direct appeal, the defendant's first opportunity to assert ineffective assistance of counsel is in a motion for postconviction relief.[6] Because Fox was represented both at trial and on direct appeal by lawyers from the same office, he could not raise these issues on direct appeal.

### Required Showings

[4] We have previously set forth the requirements to establish a right to postconviction relief based on a claim of ineffective assistance of counsel. In order to establish a right to postconviction relief based on a claim of ineffective assistance of counsel at trial or on direct appeal, the defendant has the burden, in accordance with *Strickland*,[7] to show that

---

[3] *State v. McGhee*, 280 Neb. 558, 787 N.W.2d 700 (2010).

[4] *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

[5] *McGhee, supra* note 3.

[6] *State v. Lee*, 282 Neb. 652, 807 N.W.2d 96 (2011).

[7] *Strickland, supra* note 4.

counsel's performance was deficient; that is, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law in the area.[8] Next, the defendant must show that counsel's deficient performance prejudiced the defense in his or her case.[9] In order to show prejudice, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different.[10] The two prongs of this test, deficient performance and prejudice, may be addressed in either order.[11]

[5-7] We have also set forth the circumstances under which an evidentiary hearing on a motion for postconviction relief must be granted. We have stated that an evidentiary hearing on a motion for postconviction relief is required on an appropriate motion containing factual allegations which, if proved, constitute an infringement of the movant's rights under the Nebraska or federal Constitution.[12] But, this court has required that a defendant make specific allegations instead of mere conclusions of fact or law in order to receive an evidentiary hearing for postconviction relief.[13] And postconviction relief without an evidentiary hearing is properly denied when the files and records affirmatively show that the prisoner is entitled to no relief.[14]

The district court concluded that Fox failed to make any factual allegations demonstrating a denial or infringement of his constitutional rights. We independently review the sufficiency of these allegations in accordance with our case law applying the *Strickland* analysis. Although the district court based its conclusions upon the prejudice prong of *Strickland*, we may address the prongs in either order.

---

[8] *State v. Davlin*, 277 Neb. 972, 766 N.W.2d 370 (2009).

[9] *Id*.

[10] *Id*.

[11] *Id*.

[12] See *State v. Boppre*, 280 Neb. 774, 790 N.W.2d 417 (2010).

[13] *Id*.

[14] *Id*.

## Jury Instructions

[8] Turning first to Fox's argument addressing the jury instructions, we recall both the rule governing prejudicial error in jury instructions and the statutory elements of the crime of first degree murder. We have previously stated that all the jury instructions must be read together, and if, taken as a whole, they correctly state the law, are not misleading, and adequately cover the issues supported by the pleadings and the evidence, there is no prejudicial error necessitating reversal.[15] The elements of first degree murder are set forth in Neb. Rev. Stat. § 28-303 (Reissue 2008), which provides that a person commits first degree murder when he or she kills another person "purposely and with deliberate and premeditated malice."

The jury instructions, taken as a whole, imposed upon the State the burden to prove all of the elements of first degree murder. Jury instruction No. 4 set forth the elements of first degree murder as a killing done "purposely and with deliberate and premeditated malice." Thus, the instructions precisely followed the language of § 28-303. Further, instruction No. 4 informed the jury that it must decide "whether the State proved each element set forth above beyond a reasonable doubt." Jury instruction No. 9 did not conflict with instruction No. 4. Instruction No. 9 charged the jury that intention, deliberation, premeditation, and purpose are elements of first degree murder. Thus, contrary to Fox's argument, the instructions did not reduce the State's burden of proof. Rather, the jury instructions as a whole correctly charged the jury regarding all of the elements of first degree murder. Because the instructions as a whole properly instructed the jury, Fox's trial counsel did not perform deficiently in failing to object to instructions Nos. 7 and 9.

## Additional Expert

Fox's second claim of ineffective assistance of counsel is based upon the failure of his trial counsel to obtain an additional expert opinion as to Fox's sanity at the time of the

---

[15] See *State v. Watt*, 285 Neb. 647, 832 N.W.2d 459 (2013).

killing. This allegation lacks sufficient specificity to satisfy the prejudice prong of the *Strickland* test.

In *State v. McGhee*,[16] we affirmed the dismissal of the defendant's request for postconviction relief without an evidentiary hearing, based upon the defendant's failure to identify an expert who would have testified at trial that the defendant was incompetent to stand trial or legally insane at the time of the killing. We also reasoned that even if another expert had testified, it did not follow that the competency and sanity determinations would necessarily or even probably have been different.[17] We therefore resolved the defendant's claim using the prejudice prong of *Strickland*.[18]

In the instant case, Fox's motion similarly failed to identify an additional expert who would have testified that Fox was insane at the time of the killing. His motion also failed to set forth the testimony that the additional expert would have given. Fox's motion alleged only that his counsel's failure to pursue an additional expert opinion caused him prejudice. Thus, Fox failed to allege facts which, if proved, would establish a reasonable probability that the outcome of his case would have been different if his trial counsel had retained an additional psychiatric expert. The district court correctly concluded that Fox failed to show any prejudice from this claim.

### Claims Against Appellate Counsel

[9] Finally, Fox asserts that his appellate counsel failed to assign and argue the allegedly erroneous jury instructions and the sufficiency of the evidence. When analyzing a claim of ineffective assistance of appellate counsel, courts usually begin by determining whether appellate counsel failed to bring a claim on appeal that actually prejudiced the defendant.[19] That is, courts begin by assessing the strength of the claim appellate counsel purportedly failed to raise.[20]

---

[16] *McGhee, supra* note 3.

[17] See *id*.

[18] See *id*.

[19] *State v. Timmens*, 282 Neb. 787, 805 N.W.2d 704 (2011).

[20] *Id*.

[10] But Fox raises the same argument regarding the jury instructions that we have already rejected. Counsel's failure to raise an issue on appeal could be ineffective assistance only if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal.[21] As discussed above, the jury instructions as a whole correctly instructed the jury to find all of the elements of first degree murder. Appellate counsel would not have changed the result by making the argument. Thus, the failure of Fox's appellate counsel to raise the jury instructions on appeal was not deficient performance.

As to the failure of Fox's appellate counsel to raise an issue regarding the sufficiency of the evidence, we agree with the district court's conclusion that sufficient evidence was presented to the jury from which it could have properly found all of the elements of first degree murder. Succinctly stated, the State presented evidence that Fox and his mother had a dysfunctional relationship, that Fox struck his mother multiple times with an ax in an assault that occurred in the basement of their home, and that Fox later told police officers that he thought he had killed his mother. We therefore find that no reasonable probability exists that raising the issue of insufficient evidence would have changed the result on appeal. Thus, Fox's appellate counsel did not perform deficiently in failing to raise this issue.

## CONCLUSION

We affirm the district court's denial of Fox's motion for postconviction relief without an evidentiary hearing based upon our finding that Fox failed to make any factual allegations which, if proved, constitute an infringement of his rights under the Nebraska or federal Constitution.

AFFIRMED.

McCormack, J., participating on briefs.

---

[21] *Id.*